1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PAUL E. HERNDON,              )    NO. SA CV 17-142-GW(E)
                                    )
12              Plaintiff,          )
                                    )
13        v.                        )    **MEMORANDUM OPINION**
                                    )
14   NANCY A. BERRYHILL, Acting     )    **AND ORDER OF REMAND**
     Commissioner of Social Security,)
15                                  )
                Defendant.          )
16   _____)

17

18        Pursuant to sentence six of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied and this matter is remanded for further

21   administrative proceedings consistent with this Opinion.

22

23                         **BACKGROUND**

24

25        Plaintiff asserts disability based on, among other alleged

26   impairments, post-traumatic stress disorder ("PTSD") (Administrative

27   Record ("A.R.") 66-68, 75-76, 87, 177).  On July 8, 2015, an

28   Administrative Law Judge ("ALJ") decided that Plaintiff suffers from

severe PTSD and other severe impairments but retains the residual
functional capacity to perform certain jobs requiring no more than
occasional interaction with coworkers, supervisors and the general
public (A.R. 25, 28). In making this decision, the ALJ gave "partial
weight" to a January 10, 2014 decision of the Department of Veteran
Affairs ("VA") (A.R. 32). This VA decision had stated that
Plaintiff's PTSD was only partially (70%) disabling (A.R. 962). The
ALJ quoted the portions of this VA decision which had stated that
Plaintiff's PTSD resulted in only an "occasional decrease in work
efficiency" and permitted Plaintiff "generally [to] function[]
satisfactorily") (A.R. 32, 962).

On December 31, 2015, Plaintiff received a new VA decision
("Plaintiff's Points and Authorities, etc.," filed July 13 2017, at p.
9). This new VA decision determined that, "effective May 13, 2015,"
Plaintiff's PTSD was 100% disabling (Document 18-2 of "Exhibits
Ordered by the Court," filed September 19, 2017) (the "new VA
decision"). Plaintiff submitted to the Appeals Council the new VA
decision, together with other new evidence. The Appeals Council
purportedly "looked at" this evidence, but denied review and declined
to make the evidence a part of the administrative record (A.R. 2, 6-
7).[1] The Appeals Council stated that the ALJ had "decided your case
through July 8, 2015" and "[t]his new information is about a later
time" (A.R. 2). The Appeals Council did not acknowledge that the
effective date of the new VA decision actually preceded the date of

---

[1]     Of all the documents newly submitted by Plaintiff, the
Appeals Council chose to make a part of the administrative record
only a five page letter from Plaintiff's counsel (A.R. 2, 6-7,
303-07).

the ALJ's decision (id.)  The Appeals Council's denial of review left the ALJ's decision as "the final decision of the Commissioner of Social Security. . . ." (A.R. 1).

**PROCEEDINGS**

Plaintiff, pro se, filed a Complaint in this Court on January 26, 2017, seeking review of the Social Security Administration's denial of disability benefits.  Plaintiff filed a motion for summary judgment on July 13, 2017.  Defendant filed a motion for summary judgment on August 14, 2017.

On August 29, 2017, the Magistrate Judge filed the following Minute Order:

In "Plaintiff's Points and Authorities in Support of Plaintiff's Motion for Summary Judgment," filed July 13, 2017, Plaintiff contends, among other things, that the Court should remand the case to the Social Security Administration for consideration of assertedly "new and material evidence." In "Defendant's Cross Motion for Summary Judgment," filed August 14, 2017, Defendant appears to contend that the assertedly "new and material evidence" is not material.

Neither party has yet submitted to this Court the assertedly "new and material evidence."  Therefore, it is ordered that, within twenty-one (21) days of the date of this Order, the parties (jointly or separately) shall file

the evidence Plaintiff contends to be "new and material."
Within fourteen (14) days after this filing, the parties may
file supplemental memoranda in support of or in opposition
to the pending motions for summary judgment.  At that time,
the Court will take the motions under submission without
oral argument, unless the Court otherwise orders.


On September 19, 2017, Defendant filed "Exhibits Ordered by the
Court" ("the new evidence") consisting of the evidence Plaintiff
previously submitted for the first time to the Appeals Council.[2]  Also
on September 19, 2017, Plaintiff filed "Plaintiff's Response to the
Court's August 29, 2017 Order, etc."  This response appends the new VA
decision.


Defendant filed "Defendant's Supplemental Memorandum, etc." on
October 2, 2017.  Plaintiff filed "Plaintiff's Supplemental
Memorandum, etc." on October 3, 2017.


**DISCUSSION**

---

[2]     On the face page of this document, Defendant appears to
assert that the Appeals Council "considered" this evidence.  New
evidence truly "considered" by the Appeals Council becomes a part
of the administrative record.  See Brewes v. Commissioner, 682
F.3d 1157, 1162-63 (9th Cir. 2012) ("Brewes").  In the present
case, the Appeals Council said it "looked at" the new evidence
but declined to make this evidence a part of the administrative
record.  The Appeals Council appears to have "considered" only
that which was "listed on the enclosed Order of Appeals Council
. . ." i.e. the five page letter from Plaintiff's counsel (A.R.
2, 6-7).  See Neuhauser v. Colvin, 2015 WL 5081132, at *3 (W.D.
Wash. Aug. 27, 2015) ("In contrast to Brewes, the Appeals Council
in this case did not accept Neuhauser's proffered new evidence
and make it part of the administrative record. . . .  The Appeals
Council determined that the VA Rating Decision was about a later
time and thus did not affect the ALJ's decision.").

4

The Court may remand a case to the Social Security Administration "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993). Such a remand proceeds from the sixth sentence of section 405(g) and is commonly referred to as a "sentence six remand." See id.

The "good cause" requirement for a sentence six remand generally is satisfied when the new evidence "did not exist at the time of the ALJ's decision." Burton v. Heckler, 724 F.2d 1415, 1418 (9th Cir. 1984). "The good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the [Commissioner]." Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988)(citations and quotations omitted).

New evidence is "material" within the meaning of sentence six when the evidence "bears directly and substantially on the matter in dispute," and "there is a reasonable possibility that the new evidence would have changed the outcome of the [administrative] determination." Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (citations and quotations omitted); see Booz v. Secretary, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

///

///

In the present case, Plaintiff lacked access to the new evidence, including the new VA decision, until after the ALJ's decision.

Accordingly, Plaintiff has established "good cause" for his failure to present the new evidence to the ALJ. See Burton v. Heckler, 724 F.2d at 1418; cf. Pace v. Astrue, 2010 WL 3291753, at *2 (D. Or. June 28, 2010), adopted, 2010 WL 3306891 (D. Or. Aug. 19, 2010) (finding "good cause" for the claimant's failure to submit to the Administration a VA decision received by the claimant after the conclusion of the administrative proceedings).

The nature of the new VA decision in relation to the nature of the ALJ's decision also satisfies the "materiality" requirement for a sentence six remand. Contrary to the Appeals Council's apparent belief, the new VA decision relates to part of the same time frame addressed by the ALJ's decision. Furthermore, the ALJ's decision relied in part on the old VA decision's findings that Plaintiff was "generally functioning satisfactorily" and had suffered only an "occasional decrease in work efficiency." By contrast, the new VA decision rates Plaintiff's PTSD disability at 100% based on: "Total occupational and social impairment . . ." (Document 18-2 of "Exhibits Ordered by the Court, filed September 19, 2017). Moreover, an ALJ ordinarily must give "great weight" to a VA rating of disability. See McCartey v. Massanari, 298 F.3d 1072, 1076 (2002); accord Valentine v. Commissioner, 574 F.3d 685, 695 (9th Cir. 2009). Thus, there is at least a "reasonable possibility" that the new evidence would have changed the outcome of the ALJ's determination had the evidence been before the ALJ. See Neuhauser v. Colvin, 2015 WL 5081132, at *3 ("the VA Rating Decision pertained to the relevant time period and was therefore material to the disability decision"; case remanded under sentence six); Pace v. Astrue, 2010 WL 3291753, at *2 (VA decision

covering part of the relevant time period deemed material; case
remanded under sentence six); see also Auer v. Astrue, 2012 WL
1340133, at *7 (C.D. Cal. April 18, 2012) (new VA decision deemed
"plainly material"; case remanded under sentence six); cf. Gardner v.
Berryhill, 856 F.3d 652, 658 (9th Cir. 2017) (stating in the context
of sentence four issues, "we have affirmed district court denials of
remand notwithstanding the existence of new evidence only when there
would be substantial evidence supporting the denial of disability
benefits even if the new evidence were credited and interpreted as
argued by the claimant").

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, this matter is remanded for further administrative proceedings so that the ALJ can consider the new evidence.[3]


DATED: November 22, 2017.


_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE


PRESENTED this 5th day of
October, 2017, by:


_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

_____

[3]     The Court need not and does not reach any of the other issues discussed in the parties' motions.  Except as expressly stated herein, both motions are denied without prejudice.